469 So.2d 945 (1985)
Winfred CONE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1431.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
*946 James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The defendant, Winfred Cone, was placed on five years' probation in January, 1982, for grand theft and uttering a forged instrument. As a condition of that probation, he served one year of incarceration on each charge concurrently. In January, 1984, Cone violated that probation, and it was revoked at a sentencing hearing in September, 1984. Cone elected to be sentenced pursuant to the guidelines, which had become effective October 1, 1983.
The defendant's score placed him in the second cell range of community control, or a maximum of thirty months' incarceration. The trial judge elevated this by one cell pursuant to the amendment to Florida Rule of Criminal Procedure 3.701(d)(14), which became effective July 1, 1984, and sentenced Cone to three years on each charge.
Cone's first point on appeal challenges the application of the July amendment on the basis that such violates the ex post facto doctrine. This is without merit. The defendant elected the sentencing guidelines, which were not in effect in any form at the time of his offenses. Therefore, he was bound by those guidelines as they were in effect at the time of sentencing in September, 1984.
The second point on appeal is that the trial court applied the one-year credit for the time served as a condition of probation to only one of the two three-year sentences. We hold that credit must be given on both counts for time served, since the time being served was running concurrently on both counts. Brown v. State, 460 So.2d 520 (Fla. 3d DCA 1984). This would not be true of presentence jail time. See Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), approved, 456 So.2d 448 (Fla. 1984).
We affirm in part, reverse in part, and remand for correction of sentence to provide one year of credit to be given on each count.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DAUKSCH and SHARP, JJ., concur.