SHARP, Judge.
Colwell appeals after being resentenced upon remand from this court. See Colwell v. State, 448 So.2d 540 (Pla. 5th DCA 1984). He was originally sentenced in Case Number 77-755-CFA to concurrent terms of life' on a burglary charge and one year on a battery charge. In Case Number 79-24-CFA, he was sentenced to life on another burglary charge and concurrent fifteen year terms for two sexual batteries.
This court ruled that the life sentence in Case Number 79-24-CFA was unlawful because excessive;[1] and on remand the trial court granted Colwell’s 3.850 motion to vacate the life sentence in Case Number 77-755-CFA on the same grounds. It then resentenced Colwell to ten years for each burglary, to run consecutively. He was given no credit for time served on either burglary sentence.
We think Colwell must be given credit for time served on both burglary sentences, since he was serving time for those two crimes, concurrently with the other valid and unchallenged sentences. See Cone v. State, 469 So.2d 945 (Fla. 5th DCA 1985).
However, we affirm the trial court’s resentencing of Colwell to consecutive terms of imprisonment on each burglary count. That fact alone is insufficient to show such vindictiveness so as to violate Colwell’s due process rights under the dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), cert. denied, — U.S. -, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985). In this case, the lengthy consecutive terms imposed on Colwell are consistent with the trial court’s original sentencing plan of two life terms. Herring v. State, 411 So.2d 966 (Fla. 3rd DCA 1982).
AFFIRMED IN PART; REMAND TO GIVE CREDIT ON SENTENCES.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. The life sentences were erroneously given for a second degree felony. § 775.082, Fla.Stat. (1983).