DANAHY, Acting Chief Judge.
Peter Gerard Wahl appeals from his sentence for burglary of a structure. He argues that the trial judge erred in relying on Florida Rule of Criminal Procedure 3.701(d)(14) to raise his sentence to the next higher cell without providing a reason for departure. The argument is founded on his contention that the rule was retroactively applied. We disagree and affirm the sentence.
In April 1982 appellant pled guilty and was placed on five years’ probation. In August 1982 he admitted to a technical violation of probation and, pursuant to an agreement, the court entered an order of modification of probation. In January 1983 it was alleged that appellant again violated his probation. A hearing was held and appellant’s probation was revoked on July 20, 1984. At the hearing appellant selected to be sentenced under the guidelines pursuant to section 921.001(4)(a), Florida Statutes (1983). That section requires that a criminal defendant, if he so selects, must be sentenced in accordance with the guidelines.
Appellant’s score placed him in the first cell range of any non-state prison sanction. The trial judge elevated appellant’s sentence to the next higher cell pursuant to Florida Rule of Criminal Procedure 3.701(d)(14) and sentenced him within that cell to two years’ incarceration.
Florida Rule of Criminal Procedure 3.701(d)(14), which permits an enhancement of a sentence imposed after revocation, cannot be applied retroactively. Burke v. State, 460 So.2d 1022’ (Fla. 2d *329 DCA 1984). We find that the rule was not retroactively applied here. Florida Rule of Criminal Procedure 3.701(d)(14), added by amendment on May 8, 1984, became effective on July 1, 1985. See Cone v. State, 469 So.2d 945 (Fla. 5th DCA 1985); Burke; Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). The guidelines in effect at the time of appellant’s selection and sentencing included subsection (d)(14). Because that is so, appellant was bound by this amendment. Cone. Accordingly, the trial judge did not err in applying the rule then in effect, and we find no abuse of discretion on the part of the trial judge in acting pursuant to that rule.
AFFIRMED.
CAMPBELL and SCHOONOVER, JJ., concur.