PER CURIAM.
Following the reversal of appellant’s convictions, see Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989), and upon remand for retrial, appellant pleaded no contest to certain charges and was sentenced pursuant to a negotiated plea. Appellant, relying on State v. Green, 547 So.2d 925 (Fla.1989), contends that the trial court erred in deciding that it did not have the authority to rule on whether he would receive credit for gain time previously earned while serving the sentences that were subsequently reversed. The state contends that awarding gain time is a matter that should be left to the Department of Corrections, not to the courts.
In Green, the supreme court held that trial courts have no authority to deny credit for gain time earned while previously incarcerated against a sentence imposed after revocation of probation, stating:
Further, as the district court noted, “[t]he awarding of statutory gain time is solely a function of the [department], and the trial court is without authority to prevent such award or order its waiver.” Green [v. State ], 539 So.2d [484] at 485 [Fla. 1st DCA 1988]. The statute places in the hands of the department the ability to award, forfeit, or restore gain time. There is no statutory authority for the court to initiate the forfeiture of gain time by denying credit for accrued gain time at resentencing.
547 So.2d at 926-927.
In accordance with Green, appellant should be given credit for gain time earned while serving his previously-imposed sen *25 tence. The trial court’s action is not inconsistent with Green, and indeed, is in compliance with that decision. The trial court neither granted nor denied credit for gain time earned. It determined correctly that it did not have the authority to rule on gain time. That function is with the Department of Corrections, which we are confident will award appellant the gain time he has earned.
Affirmed.
SCHEB, A.C.J., and LEHAN and PARKER, JJ., concur.