619 So.2d 518 (1993)
Henry H. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3838.
District Court of Appeal of Florida, First District.
June 18, 1993.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Henry H. Walker has appealed from his sentence imposed on remand in Walker v. State, 604 So.2d 913 (Fla. 1st DCA 1992). We affirm.
In March 1989, Walker pled guilty to two counts of lewd and lascivious acts on a child. He received concurrent terms of 15 years incarceration plus 5 years probation. Walker later moved to correct an illegal sentence, claiming that the total of the incarcerative and probationary terms of this split sentence exceeded the 15-year statutory maximum. The trial court granted the motion, and resentenced Walker to concurrent terms of 10 years incarceration plus 5 years probation, and 15 years incarceration. This court reversed and remanded for resentencing in that, as a result of the sentence, Walker would simultaneously be incarcerated and on probation.
On October 22, 1992, the trial court resentenced Walker to consecutive terms of 15 years incarceration, and 5 years probation. At sentencing, Walker sought an award of credit for time already served plus accumulated gain time. The court agreed that he was "entitled to gain time for any time served," and that it would be ordered. The written judgment reflected *519 credit for jail time served prior to the original sentence, and for prison time already served, but did not mention gain time.
Walker argues that the court must award him credit for gain time accumulated during his still-ongoing incarceration. He relies on State v. Green, 547 So.2d 925 (Fla. 1989), which held that, when a defendant is released early from the incarcerative portion of a split sentence, then violates the succeeding probation, he is entitled at sentencing to credit for the entire incarcerative period (actual time served plus gain time). Otherwise, the court effects a forfeiture of gain time, an executive function of the Department of Corrections. The state emphasizes Green's holding that the award of gain time is a DOC function, but Walker counters that credit for previously-earned gain time has been denominated a judicial function, Cole v. State, 569 So.2d 882 (Fla. 3d DCA 1990).
The award of gain time is solely a function of the Department of Corrections. Green; Shelby v. State, 554 So.2d 24 (Fla. 2d DCA 1989). In the Green line of cases, the defendants had completed the incarcerative portions of split sentences, then violated the succeeding probations. The cases simply held that, at sentencing after the violation of probation, a court must give credit for the gain time previously awarded by DOC by crediting the defendant with the total incarcerative period rather than only the time actually served.
The sentence imposed herein was not the result of a violation of the probationary term of a split sentence. Rather, Walker was resentenced in the midst of a term of incarceration because of initial sentencing errors. Thus, Green provides no authority for the court award of gain time sought herein. In Shelby v. State, 554 So.2d 24 (Fla. 2d DCA 1989), the defendant pled nolo contendere after a remand for retrial. At sentencing, he sought a court award of credit for gain time earned while serving the sentences that were subsequently reversed. The court held that, while he should be given credit for that time, it had no authority to rule on the issue in that that was a function of the Department of Corrections. The court affirmed, expressing its confidence that the Department would "award appellant the gain time he has earned." Shelby at 25.
Similarly, Walker should be given credit for the gain time he had earned up to the resentencing herein. However, as in Shelby, the trial court had no authority to rule on the issue. We express the same confidence that the Department will award Walker the gain time he has earned.
Affirmed.
JOANOS, C.J., and BOOTH and KAHN, JJ., concur.