686 So.2d 615 (1996)
Alfraedo WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02968.
District Court of Appeal of Florida, Second District.
October 18, 1996.
Rehearing Denied December 20, 1996.
*616 Roger L. Fishell, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
RYDER, Acting Chief Judge.
Alfraedo Williams seeks review of consecutive terms of imprisonment imposed on resentencing following his successful appeal of an armed robbery conviction. He also appeals the lower court's failure to more fully consider whether the charges arose out of the same criminal episode and its refusal to revisit the original habitual violent felony offender classification. We conclude that the consecutive resentencing represented an impermissible increase in the original sentence, and, therefore, reverse and remand for resentencing. We otherwise affirm.
Mr. Williams was found guilty following a jury trial of robbery with a weapon, to-wit: hot coffee, in violation of section 812.13(1) and (2)(b), Florida Statutes (1991). His successful appeal resulted in reversal of the armed robbery conviction and entry of judgment for second degree robbery pursuant to section 812.13(2)(c).[1] The judgment was otherwise affirmed. On remand, the lower court resentenced the appellant "on Count I only" to thirty years with a ten-year minimum mandatory, consecutive to the thirty-year sentence on Count II, escape. Following an unsuccessful motion to correct the sentence, this appeal ensued.
The consecutive terms of imprisonment on resentencing represent an impermissible increase in the original sentence and penalizes the appellant for success on the original appeal. The harsher consecutive sentence raises a presumption of vindictiveness, and there is no identifiable conduct on the appellant's part which occurred after the time of the original sentencing to justify the harsher sentence. Somerville v. State, 626 So.2d 1070 (Fla. 1st DCA 1993). The state contends that the lengthy consecutive terms are consistent with the trial judge's original sentencing goal of imposing a life sentence, as in Colwell v. State, 471 So.2d 1374 (Fla. 5th DCA 1985). But this argument is invalid because the legal basis for the imposition of a life sentence no longer exists. Here, as in Alfonso v. State, 561 So.2d 1207 (Fla. 3d DCA), review denied, 576 So.2d 284 (1990), the change from concurrent to consecutive sentencing violated the appellant's right to due process of law. Thus, we reverse and remand for the trial court to impose a concurrent sentence on Count I.
The appellant next challenges the trial judge's failure to more fully consider whether the charges arose out of the same criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, ___, U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Because we reverse the consecutive resentencing, this alternative argument for concurrent sentencing is moot. But, in any event, the factual scenario here reflects that the charged offenses were separate. We, therefore, affirm.
We also affirm the final point raised by the appellant concerning the lower court's error in declining to revisit the original habitual violent felony offender classification that was not challenged in the original appeal. The law of the case precludes relitigation or raising issues that could have been raised in the original appeal. Gaskins v. State, 502 So.2d 1344 (Fla. 2d DCA 1987); State v. Stabile, 443 So.2d 398 (Fla. 4th DCA 1984).
Reversed in part, affirmed in part and remanded.
LAZZARA and BLUE, JJ., concur.
NOTES
[1] Williams v. State, 651 So.2d 1242 (Fla. 2d DCA 1995).