PER CURIAM.
Duane Davidson, the appellant, was initially sentenced to 12 years in prison for attempted first-degree murder. The trial court set aside this sentence, however, and resentenced him to serve “the full term of 12 years” in prison. The appellant then filed this rule 3.800(a) motion seeking elimination of the phrase “full term” from his sentence. He also alleged that the trial court failed to award him sufficient credit for time served in jail prior to sentencing and from his original sentencing to his re-sentencing. The trial court granted relief on the second claim and awarded the appellant a total of 121 days for time served prior to his original sentencing. However, the trial court did not address the appellant’s other two claims. As the first claim is without merit, we address only the appellant’s third claim.
The appellant alleges in his third claim that he is entitled to prison credit from his initial sentencing on May 20, 1996, to his resentencing on November 25, 1996. Upon resentencing, defendants like appellant who have been resentenced through no fault of their own are entitled upon resentencing to credit for all actual time served and gain time earned during their initial prison term. See § 921.161(2), Fla. Stat. (1995); Corpus v. State, 744 So.2d 594 (Fla. 2d DCA 1999); Brown v. State, 584 So.2d 209 (Fla. 1st DCA). Indeed, the trial court stated at the resentencing hearing that the appellant would be “entitled for any credit for gain time and time that you have served since you were sentenced on May the 20th, 1996.” However, neither the sentencing form nor the record on review reflects such provision of prison credit. Accordingly, we reverse and remand for the trial court to consider this claim on the merits or to attach portions of the record that conclusively refute the appellant’s allegations.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
BARFIELD, C.J., WOLF and POLSTON, JJ., concur.