948 So.2d 816 (2007)
Michael GISI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-136.
District Court of Appeal of Florida, Second District.
January 10, 2007.
*817 Charles E. Lykes, Jr., Clearwater, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
In this appeal, Michael Gisi claims his new sentences: (1) violated this court's mandate in Gisi v. State, 909 So.2d 531 (Fla. 2d DCA 2005) (Gisi I), (2) violated double jeopardy, (3) were disproportional to sentences in other cases, and (4) failed to give mandatory credit for time served. We disagree but write to explain and to certify a question of great public importance.
Gisi was originally convicted of fourteen counts and was "sentenced to seventy-one years' imprisonment on each count of counts one through twelve [plus] 17.5 months' imprisonment on counts thirteen and fourteen."[1] All sentences were to run concurrently. Gisi I reversed nine of Gisi's convictions. The remaining five convictions were remanded for resentencing because the sentencing scoresheet erroneously included penetration points instead of contact points. On resentencing, Gisi received three consecutive fifteen-year sentences instead of concurrent seventy-one-year sentences.[2] Gisi was given credit for five years' time served; the jail credit was specified to apply to only one of the fifteen-year sentences.
First, Gisi claims that his sentences violated Gisi I. In Gisi I, we imposed no limitations on the trial court's resentencing scheme, except that Gisi was to be sentenced using contact points instead of penetration points. On remand, Gisi was sentenced using contact points. Thus, there is no credence to the assertion that the trial court did not follow our mandate. As *818 noted at oral argument, Gisi's malaise in this regard relates more to his general assertion that because the original sentences fell near the low end of the guidelines, so too should the new sentences; in other words, the resentencing proceeding should be more of a formality than a "de novo" sentencing hearing. The case law on this issue dictates otherwise. See Wilson v. State, 913 So.2d 1277, 1279 (Fla. 2d DCA 2005) (noting that the defendant may or may not obtain a different sentence upon resentencing based on a corrected scoresheet).
As a corollary to this argument, Gisi claims the new sentences, if not capped at the low end of the guidelines, were vindictive because the resentencing judge was the same as the original sentencing judge and there was no new evidence presented to justify an increased sentence. Therefore, Gisi claims the new sentences were in violation of the principles established in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The flaw with this argument is that the new sentences were not an increase from the original sentences. Merely restructuring sentences from concurrent to consecutive is not enough to support a claim that sentences were increased. Pearce, at its core, prohibits vindictive sentencing, not an increased sentence, but establishes that the reasons for an increased sentence must affirmatively appear on the record to avoid a presumption of vindictiveness. 395 U.S. at 726, 89 S.Ct. 2072. Indeed, after deciding Pearce, the Court clarified that Pearce's presumption of vindictiveness does not apply to every increased sentence but applies only where there is a "reasonable likelihood" of actual vindictiveness. See Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Notably, Pearce's vindictiveness presumption is not implicated at all when the combined years of consecutive new sentences do not exceed the longest original concurrent sentence. Blackshear v. State, 531 So.2d 956, 958 (Fla.1988).
Here, Pearce is not implicated because the new sentences consecutively totaled forty-five yearsclearly less than the original seventy-one-year concurrent sentences. Further, the new sentences did not exceed the statutory limit. Gisi acknowledged at oral argument, and the record so corroborates, that absent the application of the Pearce presumption, he did not show vindictiveness by the sentencing judge.
Gisi also argues that the new sentences here are more closely aligned with the holding of Williams v. State, 686 So.2d 615 (Fla. 2d DCA 1996) (holding that new sentences must be reversed when the original sentences were concurrent and the new sentences were consecutive). However, Williams dealt with the reversal of two concurrent life sentences switched at resentencing to two consecutive thirty-year sentences (equivalent to sixty years cumulatively) which, without elaborating, this court concluded was a harsher sentence[3] and, hence, presumptively vindictive. 686 So.2d at 616. Here, there is no debate that forty-five years is less than seventy-one years, and thus, Williams is distinguishable.
Gisi's second claim is that the new sentences violate his double jeopardy rights because the State "was permitted to put its sentencing case on again augmented by references to subsequent legislation regarding the use of the Internet, the residual effects (such as they were) on the *819 victim and the disharmony within the victim's family." We reject this contention. On resentencing, both sides are free to argue or present evidence on whatever factors the law permits a trial court to consider before imposing sentence. Moreover, "as a general proposition, double jeopardy does not apply to sentencing hearings." Lloyd v. State, 844 So.2d 713, 714-15 (Fla. 2d DCA 2003) (Altenbernd, J., concurring).
Gisi's third claim is that the new sentences were disproportional and violate equal protection but offers no authority supporting this contention. This is a platitude that has no application that we are aware of in nondeath penalty cases, except as it may somehow relate to a downward departure request. Even then, a decision not to depart is generally not reviewable on appeal as it is discretionary with the trial court, provided only that the statutory maximum is not exceeded. Brown v. State, 152 Fla. 853, 13 So.2d 458, 461-62 (1943). Further, although Gisi does not argue that his sentences are cruel and unusual, he does argue that they are disproportional, a somewhat similar concept. We note that his sentences are not "grossly disproportionate" to his crimes, and accordingly, reversal on cruel and unusual punishment grounds is not justified. See Adaway v. State, 902 So.2d 746, 749 (Fla. 2005).
Finally, Gisi claims the trial court was required to give credit for time served on each of the three resentenced counts. He argues that, until he was resentenced on December 14, 2005, he served five years on each of his concurrent sentences, and pursuant to section 921.161, Florida Statutes (1997), credit for time served on each count is mandatory. In other words, the total credit Gisi seeks is fifteen yearsfive years on each of his new consecutive sentences. We cannot adopt this logic because it elevates a legal fiction into a reality that would thwart society's ability to have its judges fully impose a punishment that the judges believe to be appropriate. Section 921.161 is not applicable to this case because it addresses the requirement for county jail time credit incurred while a defendant awaits sentencing and does not address the application of state prison time served prior to a resentencing. In any event, jail credit against consecutive sentences is mandatory on only one of the consecutive sentences; anything further is discretionary with the sentencing court. See Keene v. State, 500 So.2d 592, 594 n. 2 (Fla. 2d DCA 1986).
Gisi also asserts that case law supports his argument, primarily relying on Drymon v. State, 878 So.2d 438 (Fla. 1st DCA 2004). However, Drymon was a certiorari proceeding dealing with a defendant's right to receive credit for unforfeited gain time when later resentenced to consecutive terms. Id. Thus, Drymon does not control the outcome here because it does not deal with the issue before us. Rather, we find the logic of Barnishin v. State, 927 So.2d 68 (Fla. 1st DCA 2006), persuasive, even though it deals only with county jail time credit.
If convicted of multiple offenses, the defendant must be given credit only on the first of consecutive sentences. When consecutive sentences are imposed, "the defendant `is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.'"
Barnishin, 927 So.2d at 71 (quoting Daniels v. State, 491 So.2d 543, 545 (Fla.1986)). However, "[w]hen sentences are imposed concurrently, the defendant receives credit on each sentence for time spent in jail before sentencing." Id. By way of analogy, because a resentencing hearing imposes a new sentence, the state prison time served becomes tantamount to county jail *820 time served awaiting sentencing. If accorded the same treatment, this jail credit must be given at sentencing, but the issue of whether credit will be given on each consecutive sentence remains the prerogative of the sentencing judge.
Although we find the logic of Barnishin persuasive in this affirmance, Barnishin is factually distinguishable because it did not deal with the issue of prison credit in the context of resentencing. Thus, because there is little case law in this area and none exactly on point to our knowledge and because this concerns a matter of statewide impact upon which trial courts will need future guidance, we certify a question of great public importance for the supreme court to consider providing resolution:
IS A DEFENDANT, ON RESENTENCING, ENTITLED TO CREDIT ON EACH NEWLY IMPOSED CONSECUTIVE SENTENCE FOR PRISON TIME ALREADY SERVED ON THE ORIGINAL CONCURRENT SENTENCES?
Affirmed; question certified.
WHATLEY and STRINGER, JJ., concur.
NOTES
[1] Gisi v. State, 848 So.2d 1278, 1280 (Fla. 2d DCA 2003).
[2] At that time, Gisi had already served the entirety of the two remaining 17.5-month sentences and was given time served on those two counts.
[3] At that time, section 775.081(1), Florida Statutes (1991), provided for parole eligibility after serving twenty-five years on a life sentence.