992 So.2d 370 (2008)
Bruce MADEIROS, a/k/a Bruce Medeiros, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3669.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*371 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We write to address one issue in this sentencing saga arising from two 1992 convictions.
Appellant pleaded guilty to two counts of lewd and lascivious act in the presence of a child, each count arising from a separate case filed in 1992. Appellant was sentenced to serve three years in prison, followed by five years of probation, each sentence to run concurrently with the other.
Appellant violated his probation and was sentenced in each case to time served, followed by ten years of probation. On August 23, 2006, the trial court revoked appellant's probation and sentenced him to two concurrent sentences of 17 years in prison.
Appellant filed multiple motions attacking this sentence. The circuit court granted his third motion to correct a sentencing error, and resentenced appellant to 15 years in prison on one case, with credit for 204 days plus all time served in the Department of Corrections, nunc pro tunc to August 23, 2006. On the second conviction, the court resentenced appellant to two years in prison consecutive to the 15 year sentence. The trial court declined to award the same credit for time served that it had awarded on the first charge.
Appellant contends that he should have been awarded the same credit on the two year sentence as he received on the 15 year sentence.
This case is controlled by Gisi v. State, 948 So.2d 816 (Fla. 2d DCA 2007), rev. granted, 952 So.2d 1189 (Fla.2007). In Gisi, the defendant was sentenced to concurrent seventy-one year sentences upon multiple convictions. 948 So.2d at 817. On remand for resentencing, the trial *372 court imposed three consecutive fifteen-year sentences. Id. The defendant appealed claiming that the trial court erred in failing to give mandatory credit for time served on each of the three resentenced counts. Id. at 819. He argued that, until he was resentenced, he served five years on each of his concurrent sentences, and pursuant to section 921.161, Florida Statutes (1997), credit for time served on each count was mandatory. Id. The defendant sought a total of fifteen years of credit against his sentencefive years on each of his new consecutive sentences. Id. In holding that defendant was not entitled to credit for five years' time served on each of the three resentenced counts, the second district stated:
We cannot adopt this logic because it elevates a legal fiction into a reality that would thwart society's ability to have its judges fully impose a punishment that the judges believe to be appropriate. Section 921.161 is not applicable to this case because it addresses the requirement for county jail time credit incurred while a defendant awaits sentencing and does not address the application of state prison time served prior to a resentencing. In any event, jail credit against consecutive sentences is mandatory on only one of the consecutive sentences; anything further is discretionary with the sentencing court.
Gisi, 948 So.2d at 819 (citing Keene v. State, 500 So.2d 592, 594 n. 2 (Fla. 2d DCA 1986)).
We certify conflict with Rabedeau v. State, 971 So.2d 913 (Fla. 5th DCA 2007).
Affirmed.
SHAHOOD, C.J., FARMER and GROSS, JJ., concur.