995 So.2d 998 (2008)
Edison CANTY, Petitioner,
v.
Walter A. McNEIL, Secretary, Florida Department of Corrections, Respondent.
No. 1D08-0452.
District Court of Appeal of Florida, First District.
October 21, 2008.
Edison Canty, pro se, Petitioner.
Kathleen Von Hoene, General Counsel, Florida Department of Corrections, and Maximillian J. Changus, Assistant General Counsel, Tallahassee, for Respondent.
PER CURIAM.
Edison Canty was sentenced in the Circuit Court for Dade County in 1992. There were three different cases with different offense dates and different counts as to each. All sentences were to be served concurrently and several were for 15 years in prison. In count IV of case number 91-26924 he was sentenced as a habitual felony offender (HFO). The other 15 year-sentences were not HFO designated.
Canty was conditionally released in April 2002. He was returned to custody in December 2005. The Department of Corrections calculated his new release date as *999 January 2012. Canty challenged this release date administratively and in the circuit court ultimately arriving in this court having received no relief below.
Canty's contention is that the new release date effectively extends his sentence from 15 years to over 17 years, a period beyond the statutory limits and the authority of the Department. The Department argues that the sentence is in conformity with Evans v. Singletary, 737 So.2d 505 (Fla.1999), which the Department says held that imprisonment was tolled on conditional release eligible sentences. Therein lies the problem. Evans held the conditional release supervision was tolled until release on the ineligible concurrent sentences. Evans did not speak to the length of incarceration after return to prison. Evans reasoned that one who is not released cannot be supervised as a conditional releasee, and therefore, the period of supervision is properly based on the gain time of the eligible sentence. The same reasoning should apply in this case. If the prisoner is still imprisoned on a concurrent sentence, it is a bit of sophistry to say the person is not imprisoned on the release eligible sentence.
If our reasoning somehow reduces or eliminates conditional release in some cases, so be it. The court set the length of sentence, and the Department of Corrections does not have the authority to increase it. The trial court departed from the essential requirements of law. Its decision is, therefore, quashed and the case is remanded to the trial court for further proceedings.
BARFIELD, KAHN, and BENTON, JJ., concur.