12 So.3d 215 (2009)
Walter A. McNEIL, etc., Petitioner,
v.
Edison CANTY, Respondent.
No. SC08-2369.
Supreme Court of Florida.
June 25, 2009.
Carolyn J. Mosely, Attorney Supervisor, Office of General Counsel, Department of Corrections, Tallahassee, FL, for Petitioner.
Nicholas A. Shannin of Page, Eichenblatt, Bernbaum, and Bennett, P.A., Orlando, Florida, and William R. Ponall of Kirkconnell, Lindsey, Snure, and Yates, P.A., Winter Park, FL, for Respondent.
PER CURIAM.
We review the decision of the First District Court of Appeal in Canty v. McNeil, 995 So.2d 998 (Fla. 1st DCA 2008), a case in which the First District certified a question of great public importance.[1] We rephrase the certified question as follows:
Upon revocation of conditional release, can the Department of Corrections (DOC) calculate an inmate's new release date by using the gain time forfeited on the release eligible sentence with the most accrued gain time, even if this method requires the inmate to be incarcerated *216 beyond the concurrent sentences imposed by the trial judge?
We answer the rephrased question in the negative and approve the result of the First District's decision. We also disapprove the Fifth District Court of Appeal's conflicting decision in Crosby v. McNeal, 865 So.2d 617 (Fla. 5th DCA 2004). We hold that DOC cannot require an inmate to serve more incarceration time than imposed by the trial judge.

I. BACKGROUND
In 1992, Edison Canty was sentenced to serve multiple sentences concurrently. Canty, 995 So.2d at 998. Three of Canty's fifteen-year concurrent sentences were eligible for conditional release; however, these sentences were not subject to the same accrual of gain time. In April 2002, Canty was conditionally released. Id. His conditional release eligible sentence with the least accrued gain time, which mandated the longest incarceration, determined his release date.
In December 2005, Canty was returned to custody after he violated the conditions of his supervision. Id. Upon revocation of his conditional release, DOC declared a forfeiture of the previously accrued gain time on Canty's three conditional release eligible offenses. Then, DOC determined Canty's new release date by using the forfeited gain time on the conditional release eligible sentence that had accrued the greatest amount of gain time. Specifically, DOC calculated Canty's new tentative release date as follows: August 24, 2005 (date of revocation of supervision) + 2847 days (forfeited gain time on the sentence with the most accrued gain time) - 94 days (Florida Parole Commission credit) - 481 days (gain time awarded since revocation date) = January 15, 2012.
Canty challenged DOC's calculation of his new release date, arguing that "the new release date effectively extends his sentence from 15 years to over 17 years, a period beyond the statutory limits and the authority of [DOC]." Id. at 999. After being denied administrative relief as well as relief in the trial court, Canty filed a petition for a writ of certiorari in the First District. Id. The First District concluded that "[t]he court set the length of sentence, and [DOC] does not have the authority to increase it." Id. Accordingly, the First District granted Canty's petition and remanded to the trial court for further proceedings. Id.

II. ANALYSIS
The Conditional Release Program Act provides that, upon revocation of conditional release, an inmate is returned to prison to serve the sentence imposed upon him by the sentencing judge, while the gain time the inmate earned prior to conditional release is forfeited. See § 947.141(3)-(4), Fla. Stat. (1991). Further, the Florida Corrections Code states that "forfeitures of gain-time, when ordered, shall be applied to make the tentative release date proportionately later." § 944.275(3)(a), Fla. Stat. (1991). Combined, these statutes appear to instruct DOC to calculate an inmate's new release date by using the gain time that is forfeited upon revocation. In most circumstances, such a calculation would not pose a problem.
But here, if the forfeited gain time on Canty's sentence with the most accrued gain time is applied to make his new tentantive release date proportionately later, Canty would be required to serve more incarceration time than originally imposed by the sentencing judge. Specifically, Canty would have to serve approximately seventeen years in prison, rather than the fifteen-year concurrent sentences originally imposed. Such a result would *217 be unconstitutional. "Sentencing is a power, obligation, and prerogative of the courts, not DOC." Pearson v. Moore, 767 So.2d 1235, 1239 (Fla. 1st DCA 2000), approved, 789 So.2d 316 (Fla.2001). And article II, section 3 of the Florida Constitution provides that "[n]o person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." See also art. I, § 18, Fla. Const. ("No administrative agency ... shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law."); Moore v. Pearson, 789 So.2d 316, 319 (Fla.2001) ("DOC violates the separation of power doctrine when it refuses to carry out the sentence imposed by the court.").
To avoid this unconstitutional result, we hold that DOC, upon revocation of conditional release, must retroactively credit prison time served on any concurrent sentence as prison time served on all concurrent sentences. See Crosby v. Bolden, 867 So.2d 373, 378-79 (Fla.2004) (Wells, J., dissenting); State v. Rabedeau, 2 So.3d 191, 192 (Fla.2009). We are not receding from our decision in Evans v. Singletary, 737 So.2d 505 (Fla.1999).

III. CONCLUSION
For the above reasons, we answer the rephrased certified question in the negative and hold that DOC cannot require an inmate to serve more incarceration time than imposed by the trial judge. Upon revocation of conditional release, DOC must retroactively credit prison time served on any concurrent sentence as prison time served on all concurrent sentences. Accordingly, we approve the result of the First District's decision in Canty and disapprove the Fifth District's conflicting decision in Crosby.
It is so ordered.
PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, J., specially concurs with an opinion.
QUINCE, C.J., concurs in result only with an opinion.
CANADY, J., specially concurring.
I agree with the conclusion that Canty should not be required to "serve more incarceration time than originally imposed by the sentencing judge." I do not, however, agree that we need resort to the canon of constitutional avoidance to reach that conclusion. We have come to that pass only because we concluded in Evans v. Singletary, 737 So.2d 505 (Fla.1999), that a period of conditional release supervision for a particular sentence can be tolled while the inmate remains incarcerated on a concurrent sentence.
Evans' tolling analysis gives birth to the fiction that Canty was not serving time on his sentence during the period when the conditional release supervision on that sentence was tolled  even though he remained incarcerated during that period. That fiction then provides the basis for the Department to assert that after the revocation of his conditional release, Canty was required to be incarcerated based on the forfeiture of a period of gain-time equivalent to the period of the tolled supervision. That is, Canty was required to forfeit gain-time which was not used to determine his release date and from which he therefore never derived any benefit. It is this line of argument  predicated on the tolling analysis  that leads the Department to advocate that Canty should be incarcerated for a period that would exceed the length of the sentence imposed on him.
I would recede from Evans because the tolling analysis it employs is not consistent *218 with the plain import of the governing statutory provisions and has proven to be unworkable in practice. The important "presumption in favor of stare decisis" is overcome here because the "prior decision proved unworkable due to reliance on an impractical legal `fiction.'" N. Fla. Women's Health & Counseling Services, Inc. v. State, 866 So.2d 612, 637-38 (Fla.2003). We should abandon the unworkable tolling analysis and rely instead on the plain meaning of the relevant statutory provisions.
The Conditional Release Program Act, sections 947.1405-.141, Florida Statutes (1991), contains no provision suggesting that any inmate should ever be required to spend any time incarcerated by the Department of Corrections beyond the length of the sentence imposed. Instead, it is the manifest design of the Act (a) to subject an inmate to conditional release supervision for a period of time equivalent to the amount of time by which the award of gain-time actually shortened the inmate's term of incarceration; and (b) to subject an inmate whose conditional release is revoked to a period of further incarceration equivalent to the period by which the award of gain-time actually had shortened the term of incarceration. The Act thus embodies a clear quid pro quo: Conditional early release from prison based on the award of gain-time is granted in exchange for supervision on conditional release subject to the revocation for misconduct of the gain-time which made the early release possible. Accordingly, an inmate whose conditional release is revoked should be returned to prison to serve a period of time equivalent to the amount of time by which the award of gain-time shortened the inmate's stay in prison.
This understanding of the Act's operation flows from two critical statutory provisions. The first provision, which is found in section 947.1405(6), places a limitation on the length of conditional release supervision; the second provision, which is set forth in section 947.141(4), places a concomitant limitation on the forfeiture of gain-time and the length of incarceration following revocation of conditional release.
Section 947.1405(6) provides that "[t]he length of [conditional release] supervision must not exceed the maximum penalty imposed by the court." This provision can only be reasonably understood as limiting the period of supervision to the unserved time remaining on the sentence when the inmate is released from prison and placed on conditional release supervision. (Time served + time on conditional release supervision = sentence imposed. Sentence imposed-time served = time on conditional release supervision.) The length of the conditional release supervision period equals the length of the reduction by virtue of the award of gain-time of the period of incarceration imposed by the court.
Section 947.141(4) provides that an inmate whose conditional release is revoked "may be deemed to have forfeited all gain-time... earned up to the date of his conditional release." (Emphasis added.) In its primary relevant sense, forfeiture means "[t]he loss of a right, privilege or property because of a crime, breach of obligation, or neglect of duty." Black's Law Dictionary 677 (8th ed.2004). Ordinarily, accrued gain-time carries with it a contingent right to the reduction of an inmate's period of incarceration. That contingent right is defeasible for misconduct by the inmate while incarcerated or while on conditional release. But gain-time that never attained the status of a right or privilege enjoyed by an inmate is not subject to being "forfeited" under section 947.141(4).
Because of the circumstances presented by the differences in gain-time eligibility *219 associated with Canty's various concurrent sentences, Canty never obtained any meaningful right to the gain-time at issue here, i.e., the gain-time which was credited by the Department but not used by the Department to determine the date of Canty's release from incarceration. That gain-time was in effect never anything more than an accounting entry in the records of the Department. Any potential right associated with that gain-time was wholly extinguished by the legal requirement that Canty remain incarcerated. Since Canty obtained no benefit from that gain-time, it was not subject to forfeiture. It makes no sense to say that Canty can be required to forfeit something that has already been taken away from him.[2]
QUINCE, C.J., concurring in result only.
Because the concept espoused by this Court in Evans v. Singletary, 737 So.2d 505 (Fla.1999), has proven to be unworkable, I agree with Justice Canady that we should recede from that decision. When a person is in fact in prison, it is unimaginable that his sentence or conditional release is somehow being tolled. Simply put: a person is either in prison serving time or he or she is not in prison. Instead of engaging in a fiction that the defendant's conditional release time is being tolled while he is serving time in prison, as we said in Evans, we should acknowledge the fact that the defendant cannot get out of prison until he is eligible for release on the longest sentence (whether longer in length or because of mandatory time to be served). In such a situation, the defendant is in fact serving time on all of the sentences, and would be entitled to credit for time served should he or she violate conditional release in the future. *220 
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
[2] In 1997, section 947.1405(2) was amended by the addition of a provision that conditional release "supervision shall be applicable to all sentences within the overall term of sentences if an inmate's overall term of sentences includes one or more sentences that are eligible for conditional release supervision as provided herein." This provision is, however, only applicable to offenses committed after its effective date. See Pressley v. Singletary, 724 So.2d 97, 98 (Fla.1997) (on rehearing). Accordingly, whatever this provision may mean, it has no bearing on Canty's claim.