PER CURIAM.
We review the decision of the First District Court of Appeal in Canty v. McNeil, 995 So.2d 998 (Fla. 1st DCA 2008), a case in which the First District certified a question of great public importance.[1] We rephrase the certified question as follows:
Upon revocation of conditional release, can the Department of Corrections (DOC) calculate an inmate’s new release date by using the gain time forfeited on the release eligible sentence with the most accrued gain time, even if this method requires the inmate to be incar *216 cerated beyond the concurrent sentences imposed by the trial judge?
We answer the rephrased question in the negative and approve the result of the First District’s decision. We also disapprove the Fifth District Court of Appeal’s conflicting decision in Crosby v. McNeal, 865 So.2d 617 (Fla. 5th DCA 2004). We hold that DOC cannot require an inmate to serve more incarceration time than imposed by the trial judge.
L BACKGROUND
In 1992, Edison Canty was sentenced to serve multiple sentences concurrently. Canty, 995 So.2d at 998. Three of Canty’s fifteen-year concurrent sentences were eligible for conditional release; however, these sentences were not subject to the same accrual of gain time. In April 2002, Canty was conditionally released. Id. His conditional release eligible sentence with the least accrued gain time, which mandated the longest incarceration, determined his release date.
In December 2005, Canty was returned to custody after he violated the conditions of his supervision. Id. Upon revocation of his conditional release, DOC declared a forfeiture of the previously accrued gain time on Canty’s three conditional release eligible offenses. Then, DOC determined Canty’s new release date by using the forfeited gain time on the conditional release eligible sentence that had accrued the greatest amount of gain time. Specifically, DOC calculated Canty’s new tentative release date as follows: August 24, 2005 (date of revocation of supervision)+2847 days (forfeited gain time on the sentence with the most accrued gain time)-94 days (Florida Parole Commission credit)-481 days (gain time awarded since revocation date)=January 15, 2012.
Canty challenged DOC’s calculation of his new release date, arguing that “the new release date effectively extends his sentence from 15 years to over 17 years, a period beyond the statutory limits and the authority of [DOC].” Id. at 999. After being denied administrative relief as well as relief in the trial court, Canty filed a petition for a writ of certiorari in the First District. Id. The First District concluded that “[t]he court set the length of sentence, and [DOC] does not have the authority to increase it.” Id. Accordingly, the First District granted Canty’s petition and remanded to the trial court for further proceedings. Id.
II. ANALYSIS
The Conditional Release Program Act provides that, upon revocation of conditional release, an inmate is returned to prison to serve the sentence imposed upon him by the sentencing judge, while the gain time the inmate earned prior to conditional release is forfeited. See § 947.141(3)-(4), Fla. Stat. (1991). Further, the Florida Corrections Code states that “forfeitures of gain-time, when ordered, shall be applied to make the tentative release date proportionately later.” § 944.275(3)(a), Fla. Stat. (1991). Combined, these statutes appear to instruct DOC to calculate an inmate’s new release date by using the gain time that is forfeited upon revocation. In most circumstances, such a calculation would not pose a problem.
But here, if the forfeited gain time on Canty’s sentence with the most accrued gain time is applied to make his new tentantive release date proportionately later, Canty would be required to serve more incarceration time than originally imposed by the sentencing judge. Specifically, Canty would have to serve approximately seventeen years in prison, rather than the fifteen-year concurrent sentences originally imposed. Such a result would *217 be unconstitutional. “Sentencing is a power, obligation, and prerogative of the courts, not DOC.” Pearson v. Moore, 767 So.2d 1235, 1239 (Fla. 1st DCA 2000), approved, 789 So.2d 316 (Fla.2001). And article II, section 3 of the Florida Constitution provides that “[n]o person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.” See also art. I, § 18, Fla. Const. (“No administrative agency ... shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.”); Moore v. Pearson, 789 So.2d 316, 319 (Fla.2001) (“DOC violates the separation of power doctrine when it refuses to carry out the sentence imposed by the court.”).
To avoid this unconstitutional result, we hold that DOC, upon revocation of conditional release, must retroactively credit prison time served on any concurrent sentence as prison time served on all concurrent sentences. See Crosby v. Bolden, 867 So.2d 373, 378-79 (Fla.2004) (Wells, J., dissenting); State v. Rabedeau, 2 So.3d 191, 192 (Fla.2009). We are not receding from our decision in Evans v. Singletary, 737 So.2d 505 (Fla.1999).
III. CONCLUSION
For the above reasons, we answer the rephrased certified question in the negative and hold that DOC cannot require an inmate to serve more incarceration time than imposed by the trial judge. Upon revocation of conditional release, DOC must retroactively credit prison time served on any concurrent sentence as prison time served on all concurrent sentences. Accordingly, we approve the result of the First District’s decision in Canty and disapprove the Fifth District’s conflicting decision in Crosby.
It is so ordered.
PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, J., specially concurs with an opinion.
QUINCE, C.J., concurs in result only with an opinion.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.