PER CURIAM.
 

 We have for review
 
 Madeiros v. State,
 
 992 So.2d 370 (Fla. 4th DCA 2008), in which the Fourth District Court of Appeal cited as authority the Second District Court of Appeal’s decision in
 
 Gisi v. State,
 
 948 So.2d 816 (Fla. 2d DCA 2007),
 
 *220
 

 quashed,
 
 4 So.3d 613 (Fla.2009), and certified conflict with the Fifth District Court of Appeal’s decision in
 
 Rabedeau v. State,
 
 971 So.2d 913 (Fla. 5th DCA 2007),
 
 approved,
 
 2 So.3d 191 (Fla.2009). At the time the Fourth District issued its
 
 Madeiros
 
 decision, both
 
 Gisi
 
 and
 
 Rabedeau
 
 were pending review in this Court. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3)-(4), Fla. Const.;
 
 Jollie v. State,
 
 405 So.2d 418 (Fla.1981).
 

 We stayed proceedings in this case pending our disposition of
 
 State v. Rabedeau,
 
 2 So.3d 191 (Fla.2009) (approving the Fifth District’s
 
 Rabedeau
 
 decision and disapproving the Second District’s
 
 Gisi
 
 decision), and
 
 Gisi v. State,
 
 4 So.3d 613 (Fla.2009) (recognizing approval of the Fifth District’s
 
 Rabedeau
 
 decision and quashing the Second District’s
 
 Gisi
 
 decision). We then issued an order directing respondent in the present case to show cause why we should not exercise jurisdiction, quash the Fourth District’s underlying
 
 Madeiros
 
 decision and remand for reconsideration in light of our decisions in
 
 Rabedeau
 
 and
 
 Gisi
 
 Respondent in its response concedes that it cannot show such cause.
 

 We have accordingly determined to exercise jurisdiction and grant the petition for review in the present case. The decision under review is quashed, and this matter is remanded to the Fourth District for reconsideration upon application of this Court’s decisions in
 
 Rabedeau
 
 and
 
 Gisi.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ, concur.