SOUD, ADRIAN G., Associate Judge.
In his Petition for Writ of Certiorari, Petitioner Joe Sullivan argues that the Florida Department of Corrections unlawfully extended his prison sentence by more than five years when it recalculated his release date after discovering that the gain time as previously afforded Mr. Sullivan was erroneous. We conclude that calculating a net sum of “unforfeited” gain time and applying this net sum to each of Petitioner’s now-consecutive sentences does not depart from the essential requirements of law. Thus, we deny Mr. Sullivan’s petition.
I. Facts
In 1989, Mr. Sullivan was convicted of two counts of sexual battery, two counts of burglary, and petit theft. At the time of his profound and heinous crimes, he was thirteen-years-old. The trial court sentenced Mr. Sullivan to a term of life without parole on each of the sexual batteries and a term of fifteen years on each of the burglaries. All sentences were to run concurrently.
Some two decades later in 2010, the United States Supreme Court in its landmark decision of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), declared unconstitutional a life sentence with no hope of parole for any juvenile convicted of a non-homicide offense.[1] *28 As a result, Mr. Sullivan ultimately was resentenced by the circuit court to two 40-year sentences, to be served consecutively.[2]
Following resentencing, the Department initially calculated Mr. Sullivan’s release date as July 2016. After receiving additional gain time, the Department updated his release date to June 30, 2014. However, as is customary, the Department audited Mr. Sullivan’s release date calculation and for the first time discovered it had made an error, which, when corrected, resulted in a new release date of December 2019. The Department immediately notified Mr. Sullivan of its mistake on June 10, 2014, just twenty days before his erroneous release date of June 30, 2014.
As to the specific calculations at issue, while Mr. Sullivan was serving his concurrent sentences, he accrued a total gain time credit of 4,800 days of basic gain time credit, plus 1,941 additional days of incentive gain time credit. This totals a “gross” gain time credit of 6,741 days. However, Mr. Sullivan forfeited 2,070 days of credit because of disciplinary infractions. Subtracting the forfeited gain time from the gross gain time results in a “net” gain time credit properly afforded Mr. Sullivan of 4,671 days.
The net gain time of 4,671 days was applied to the first of the two consecutive 40-year sentences imposed on Mr. Sullivan at resentencing. However, prior to the audit, the Department inadvertently applied the gross gain time credit of 6,741 days to the second of the 40-year sentences. After the audit, the Department subtracted the forfeited gain time of 2,070 days from the time credit afforded Mr. Sullivan, thus resulting in the new release date of December 2019. It is this “extension” of time Mr. Sullivan challenges.
Mr. Sullivan sought administrative review, which the Department denied. ' He then petitioned the circuit court for review. The circuit court denied his petition. Mr. Sullivan’s Petition for Writ of Certiorari before this Court followed.[3]
II. Standard of Review
Certiorari review requires this Court to consider whether (1) there was a departure from the essential requirements of law, and (2) procedural due process was afforded. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 529-30 (Fla.1995). A departure from the essential requirements of law requires a violation of a clearly established principle of law, and does not mean mere legal error. See Combs v. State, 436 So.2d 93, 95-96 (Fla.1983). It is a discretionary writ. Id.
III. The Merits
Mr. Sullivan contends that the gross gain time amount of 6,741 days should be applied to both consecutive 40-year sentences, but that the forfeited time of 2,070 should only be subtracted from the first of the two consecutive sentences. He contends that to subtract the forfeited time from both consecutive sentences would be an improper “doubling” of the *29 forfeited time. His argument is without merit.[4]
When an individual is resen-tenced and formerly concurrent sentences are then to be served consecutively, inmates must receive credit on each newly-consecutive sentence for “all actual time served and gain time earned.” Davidson v. State, 780 So.2d 984, 985 (Fla. 1st DCA 2001) (emphasis added); see also State v. Rabedeau, 2 So.3d 191, 193-94 (Fla.2009). This Court has further explained that “the credit should include any unforfeited gain time accrued prior to resentencing.” Drymon v. State, 878 So.2d 438, 439 (Fla. 1st DCA 2004) (emphasis added); see Jones v. State, 633 So.2d 482, 483 (Fla. 1st DCA 1994) (holding, in the revocation of probation context, “ ‘credit for time served’ no longer includes forfeited gain-time or commutation of time for good conduct earned up to the date of his release on probation”). Thus, the law is clear that “earned” gain time includes only that earned gain time that has not been otherwise forfeited.
Indeed, if this Court were to accept Mr. Sullivan’s methodology, he would receive a windfall. While serving his concurrent sentences, Mr. Sullivan earned gain time. Yet, some of that gain time was forfeited because of disciplinary infractions. Under Mr. Sullivan’s interpretation, all of his gross gain time earned should be applied to each now-consecutive sentence under Rabedeau, but his forfeited gain time should be applied only to the first of his now-consecutive sentences. Thus, he would get the benefit of dual-application of gross credits, but only a single application of his forfeitures. This argument strains reason.
Rabedeau requires that all gain time earned by Mr. Sullivan while serving his original concurrent sentences must be afforded to each of his consecutive 40-year terms subsequently imposed at resentenc-ing. It necessarily follows, then, that any gain time forfeited while serving the concurrent sentences likewise be forfeited as to each subsequently imposed consecutive term. Accordingly, we hold that it is this “net” gain time amount (i.e., the gross gain time minus any forfeited gain time) Mr. Sullivan is entitled to have applied to each now-consecutive sentence. The Department’s calculation and use of this “net” figure is correct, reasonable, and based on existing law. Therefore, the circuit court did not violate clearly established principles of law and certiorari relief is due to be denied.
We recognize that Mr. Sullivan was disappointed to learn just twenty days before he expected to be released that the Department made an error in calculating his release date. That, however, does not transform the corrected release date into an unlawful “extension” of Mr. Sullivan’s sentence because his only legitimate expectation is that he will serve his entire sentence, subject to proper calculation of credits as set forth in Florida law. See Adaway v. State, 902 So.2d 746, 752 (Fla.2005) (explaining parole-eligible inmates do not have a legitimate expectation of liberty or right to expect release even with a specific presumptive parole release date); Vereen v. State, 784 So.2d 1183, 1184-85 (Fla. 5th DCA 2001) (permitting the Department to correct record-keeping error, which thereby increased the appellant’s sentence by 330 days).
*30 Simply put, the Department is not responsible for sentencing an individual; the court is. See McNeil v. Canty, 12 So.3d 215, 216-17 (Fla.2009); Pearson v. Moore, 767 So.2d 1235, 1238 (Fla. 1st DCA 2000). The Department ⅛ charged with ensuring proper execution of that sentence. In the case sub judice, the Department did not extend Mr. Sullivan’s sentence, nor did it have the authority to do so. Rather, the Department corrected an inadvertent mistake as to the calculation of gain time and the corresponding release date. It is that mistake the Department is permitted — and, indeed, duty-bound — to correct.
The Petitioner has failed to meet his high burden of showing that the circuit court departed from the essential requirements of law. Accordingly, the petition is DENIED.
THOMAS and WETHERELL, JJ„ concur.

. The United States Supreme Court granted certiorari review of Mr. Sullivan’s case, as a *28 companion to the Graham case. Mr. Sullivan’s case was argued before the Court on the same day as Graham. See Graham, 130 S.Ct. at 2031. However, the Court dismissed the writ of certiorari in Mr. Sullivan’s case as improvidently granted. Sullivan v. Florida, 560 U.S. 181, 130 S.Ct. 2059, - L.Ed.2d -(2010).

. At the time of resentencing, Mr. Sullivan had already completed the concurrent fifteen-year sentences on the burglaries.

. Mr. Sullivan initially filed an appeal of the circuit court’s decision, which this Court has treated as a petition for writ of certiorari. See Sheley v. Fla. Parole Comm'n, 720 So.2d 216 (Fla.1998).

. Mr. Sullivan argues the calculation and new release date are unlawful for five reasons. We find it necessary to address only the propriety of the Department's calculation methodology.