701 So.2d 543 (1997)
PAROLE COMMISSION, Petitioner,
v.
Mark COOPER, Respondent.
No. 90237.
Supreme Court of Florida.
September 25, 1997.
Rehearing Denied November 20, 1997.
William L. Camper, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Petitioner.
Mark Cooper, Moore Haven, pro se.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Seventeenth Judicial Circuit, Fort Lauderdale, for Respondent.
OVERTON, Justice.
We have for review Cooper v. Florida Parole Commission, 691 So.2d 521, 522 (Fla. 4th DCA 1997), in which the district court certified the following question to be of great public importance:
WHEN AN INMATE WHO IS SERVING CONCURRENT SENTENCES IS RELEASED AFTER ACCRUING SUFFICIENT GAIN TIME AND HIS RELEASE ON ONE OR MORE OF THOSE SENTENCES IS CONDITIONAL UNDER SECTION 947.1405, FLORIDA STATUTES, IS HIS RELEASE STATUS REVOKED AS TO ALL THE CONCURRENT SENTENCES, INCLUDING THE SENTENCES IMPOSED FOR OFFENSES THAT DID NOT QUALIFY FOR CONDITIONAL RELEASE?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the negative.
This case involves an interpretation of The Conditional Release Program Act. At the time Mark Cooper committed his offenses, the Act provided in pertinent part as follows:

Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date ... be released under supervision .... *544 § 947.1405(2), Fla. Stat. (Supp.1992) (emphasis supplied). In essence, this statute requires that any inmate who is convicted of a category 1, 2, 3, or 4 crime and who has served time for at least one prior felony or is sentenced as a habitual or violent habitual offender, is to be released on the inmate's tentative or provisional release date subject to specific terms and conditions. "Tentative release date" is the date projected for a prisoner's release due to accumulated gain-time. § 947.005(6), Fla. Stat. (1991). "Provisional release date" is the date projected for a prisoner's release pursuant to the statute under which provisional credits are granted. § 947.005(7), Fla. Stat. (1991). The Act further provides that violation of one or more conditions of release will result in the revocation of gain-time and reincarceration.
On September 1, 1995, Mark Cooper received concurrent sentences in two separate cases:
(I) violation of probation on a conviction for grand theft (category 6 offense)four year sentence; and
(II) robbery (category 3), battery on a law enforcement officer (category 4), and resisting arrest with violence (category 4) 20 months.
The sentence in case I did not fall under the provisions of the Act; the sentences in case II fell under the provisions of the Act.
In case I, with credit for time served but with no additional credit, Cooper's term was to expire on December 8, 1997. In case II, his terms, with credit for time served but no additional credit, were fully served on May 30, 1996 (no gain-time accrued in calculating this release date).
Cooper was conditionally released on June 1, 1996. This was one day after he fully completed the sentences in case II. Based on the calculated expiration date (maximum release date) of case I, the conditional supervision was to terminate on December 8, 1997. On June 2, 1996, he was arrested for resisting a merchant and disorderly conduct. Based on that arrest, Cooper was found to have violated the conditions of his conditional release and he was reincarcerated.
Subsequently, Cooper filed a petition for writ of habeas corpus in the trial court, claiming that his awarded gain-time in case I should not have been revoked because it involved a category 6 offense to which conditional release did not apply. The trial court denied the petition, finding that case I fell within the Act because the sentence in that case was concurrent with the sentences to which the Act did apply.
On appeal, the Fourth District Court of Appeal reversed. The district court concluded that, although the sentences for cases I and II were to be served concurrently, they were distinct sentences for purposes of eligibility under the Act. It further concluded that, once Cooper was released in case I due to his gain-time award, the remaining period of his sentence for that case was extinguished. Consequently, the court held that Cooper should have been released on May 30, 1996, the date he completed the sentences under case II in full, without being subjected to conditional release supervision. In so holding, the district court certified the aforementioned question of great public importance.
Both parties argue that the plain language of the Act supports their position. In its reply brief, the Commission alters this position, arguing that the Act is ambiguous and that we must look to a recent amendment to the Act by the legislature to determine legislative intent.[1] In support of that position, the Commission relies on Lowry v. Parole & Probation Commission, 473 So.2d 1248 (Fla. 1985). In construing a statute in favor of a defendant, we did state in Lowry that a subsequent amendment could be used to construe legislative intent if the amendment was enacted soon after the controversy arose. However, as we noted in State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 62 (Fla.1995), it is inappropriate to use an amendment enacted ten years after the original enactment to clarify original legislative *545 intent. Moreover, ambiguous statutes must be construed in favor of a defendant. § 775.021(1), Fla. Stat. (1995)(when language of code or offense is susceptible to differing constructions, it shall be construed in favor of accused). See also State v. Hamilton, 660 So.2d 1038 (Fla.1995). Thus, even were we to find the statute to be ambiguous, we would have to construe the statute in the manner most favorable to the inmate.
The Act, as written, mandates that an inmate, whose offense is covered under the Act, is to be released on the tentative release date or provisional release date. The tentative or provisional release date is the date the inmate is to be released when gain-time or provisional credits are subtracted from the maximum release date; that is, the date the inmate would have been released had no gain-time or provisional credits been awarded. The supervision is to continue only up through the maximum release date. The Act does not address tentative, provisional, or maximum release dates for non-covered offenses being served concurrently to the covered offenses.
As the district court noted in this case, in Westlund v. Florida Parole Commission, 637 So.2d 52 (Fla. 1st DCA 1994), the First District correctly determined that sentences for uncovered offenses that were committed before the effective date of the Act are distinct from covered offense committed after its effective date. Likewise, in interpreting the Act as it existed at the time Cooper committed his offenses, we conclude that an inmate's last date of conditional release supervision should lawfully be calculated with reference only to sentences covered under the Act; distinct sentences that an inmate is serving concurrently to sentences for covered offenses do not subject an inmate to further supervision under the Act.
Here, Cooper received no gain-time for the covered offenses (case II). He served his time for those offenses in full effective May 31, 1996. He was released on June 1, 1996, on the non-covered offense (case I) based on accrued gain-time. In the absence of another statutory basis for supervised release in case I, the early discharge in that case should have been unconditional.
Accordingly, we answer the certified question in the negative and approve the district court's decision in this case.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In 1997, the legislature amended section 947.1405 to include the following sentence. "Such supervision shall be applicable to all sentences within the overall term of sentences if the inmate's overall term of sentences includes one or more conditional release eligible sentences as provided herein." Ch. 97-78, § 10, Laws of Fla.