724 So.2d 97 (1997)
Antonio Durrell PRESSLEY, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondents.
No. 90694.
Supreme Court of Florida.
December 30, 1997.
Order On Rehearing June 4, 1998.

AMENDED ORDER
Petitioner seeks a writ of habeas corpus asserting that the respondents have erroneously calculated his release date under section 947.1405 by using a non-qualified offense in the calculation. We recently addressed this issue in Parole Commission v. Cooper, 701 So.2d 543 (Fla.1997), in which we answered the following certified question in the negative.
WHEN AN INMATE WHO IS SERVING CONCURRENT SENTENCES IS RELEASED AFTER ACCRUING SUFFICIENT GAIN TIME AND HIS RELEASE ON ONE OR MORE OF THOSE SENTENCES IS CONDITIONAL UNDER SECTION 947.1405, FLORIDA STATUTES, IS HIS RELEASE STATUS REVOKED AS TO ALL THE CONCURRENT SENTENCES, INCLUDING THE SENTENCES IMPOSED FOR OFFENSES THAT DID NOT QUALIFY FOR CONDITIONAL RELEASE?
We hereby grant the petition insofar as the relief requested is warranted pursuant to our opinion in Cooper. Because we trust that the respondents will fully comply with the dictates of this order and our opinion in Cooper, we withhold issuance of the writ. Any alternative relief sought in the petition is hereby denied.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.

ORDER ON REHEARING
The Parole Commission seeks rehearing on the Court's order of December 30, 1997. In Parole Commission v. Cooper, 701 So.2d 543 (Fla.1997), the Court held that the State could only place an inmate on Conditional Release supervision for a period of time determined by the Conditional Release eligible sentence, and that upon revocation of Conditional Release, only the gain time for the Conditional Release eligible sentence could be forfeited.
In its order of December 30, 1997, this Court directed Respondents to comply with Cooper as concerns Pressley's case. The Commission has filed a motion for rehearing, arguing that Pressley's case is distinguishable because, in contrast to Cooper, Pressley did accrue some gain time on his Conditional Release sentence.
*98 Pressley has filed a motion to strike the Commission's affidavit concerning actual gain time awarded. The motion to strike is denied.
While this Court did mention that Cooper had satisfied his entire robbery sentence without any gain time, the essential holding of Cooper was that the Commission may not transfer the Conditional Release supervision from an expired Conditional Release sentence to the end of the inmate's overall sentence and determine the length of that supervision by the gain time awarded and the length of the sentence(s) in the non-Conditional Release eligible case(s). 701 So.2d at 545. The Commission may only transfer the supervision to the end of the overall sentence for offenses committed after the 1997 amendment to the Conditional Release statute. See § 947.1405(2), Fla. Stat. (1997). The fact that Pressley may have received some gain time which helped him satisfy his robbery sentence is irrelevant to the main issue. The Court finds that Pressley's case is controlled by Cooper.
Accordingly, this Court denies the Commission's motion for rehearing. Pressley's notice of exigent circumstances and motion for emergency relief are also denied.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.