737 So.2d 505 (1999)
Andre EVANS, Petitioner,
v.
Harry K. SINGLETARY and Florida Parole Commission, Respondents.
No. 94,177.
Supreme Court of Florida.
June 17, 1999.
*506 Andre Evans, pro se, Lake City, Florida, for Petitioner.
Judy Bone, Assistant General Counsel, Department of Corrections, Tallahassee, Florida, and William L. Camper, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, Florida, for Respondent.
WELLS, J.
Andre Evans petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We hereby deny the petition holding that while the State cannot transfer the Conditional Release supervision of an expired sentence to the end of a longer sentence that is not eligible for Conditional Release and determine the length of that supervision by the ineligible sentence, it may use an unexpired eligible sentence to determine the length of the supervision and then toll the beginning of the supervision period until the inmate has been released from prison.
Evans is an inmate currently in the custody of the Florida Department of Corrections. In 1993, Evans began serving, among others, a fifteen-year sentence for a cocaine offense which was committed in 1988 and a seven-year sentence for a manslaughter offense which was committed in 1992. These sentences were to run concurrently. On March 17, 1997, due in part to the award of gain time, Evans was released to begin service of a period of Conditional Release supervision equal to the amount of gain time he had been awarded. When Evans was originally released, the Florida Parole Commission issued a certificate placing him under supervision until the year 2004. After this Court's decision in Parole Commission v. Cooper, 701 So.2d 543 (Fla.1997), which limited how long a releasee could be placed on Conditional Release supervision, the Parole Commission shortened Evans' supervision so that it was to end in the year 2000. Evans violated numerous conditions of his supervision in late 1997, and in 1998 the Parole Commission revoked Evans' Conditional Release. Upon his return to prison, the Department of Corrections forfeited the gain time he had previously been awarded on the manslaughter sentence.
Evans asserts in his petition that both the Department of Corrections and the Parole Commission are refusing to comply with this Court's decisions in Cooper and Pressley v. Singletary, 724 So.2d 97 (Fla. 1997). Evans asserts that under Cooper and Pressley, his sentences have expired. Therefore, he reasons that when he was released, his release should not have been made conditional upon his complying with certain terms and conditions but, rather, should have been unconditional. Accordingly, Evans concludes, the State had no jurisdiction over him and could not revoke his release or forfeit his gain time.
The respondents assert that Evans has misread Cooper and Pressley. They admit that those decisions held that the State *507 cannot transfer the Conditional Release supervision of an expired sentence to the end of a longer sentence that is not Conditional Release-eligible and determine the length of that supervision by the ineligible sentence. However, they argue, there is no reason why the State should not be able to use an unexpired eligible sentence to determine the length of the supervision and then toll the running of the supervision period until the inmate has been released from prison. Respondents further point out that since Conditional Release is "an additional post-prison supervision program for certain types of offenders that the legislature has determined to be in need of further supervision after release," Rivera v. Singletary, 707 So.2d 326, 327 (Fla.1998) (emphasis added), allowing the supervision to run while the inmate is in prison would seem to be contrary to legislative intent.
Conditional Release (as opposed to Control Release, Provisional Credits, and Administrative Gain Time) is not an early release program. Conditional Release is an extra post-prison probation-type program. In other words, when an inmate is released due to gain time from a sentence that is eligible for Conditional Release, instead of going free as other offenders would do (unless they have probation or some other supervision to follow), these offenders are placed on supervision for the amount of time equal to the gain time they have accrued. If they violate their supervision, gain time is forfeited and the inmate is returned to prison to continue serving the sentence(s). See § 947.1405(2), Fla. Stat. (1997).
This Court held in Cooper and further clarified in Pressley that the State could place an inmate on Conditional Release supervision for a period of time determined only by the eligible sentence and that, upon revocation of Conditional Release, only the gain time for the eligible sentence could be forfeited. See Cooper, 701 So.2d at 545; Pressley, 724 So.2d at 98.
In this case, the length of Evans' Conditional Release supervision was originally determined by the gain time awarded on the longer, ineligible cocaine sentence. Accordingly, the length of his original supervision period (until the year 2004) was improper under Cooper. However, after Cooper was issued, the Commission reassessed Evans' case and shortened his supervision period (until the year 2000). While the Commission did transfer the supervision which originally corresponded to the eligible manslaughter case to the end of Evans' incarcerative sentence, unlike the situation in Cooper, that eligible sentence had not expired. Furthermore, the length of the supervision period was not calculated using the ineligible sentence as was done in Cooper.
Petitioner, on the other hand, believes that the State should not be able to transfer the Conditional Release supervision of either an expired sentence or an unexpired sentence to the end of a longer, ineligible sentence and then toll the beginning of the supervision period until the inmate has been released from prison. That proposition is not what either Cooper or Pressley held. This Court stated in Pressley that
the essential holding of Cooper was that the Commission may not transfer the Conditional Release supervision from an expired Conditional Release sentence to the end of the inmate's overall sentence and determine the length of that supervision by the gain time awarded and the length of the sentence(s) in the non-Conditional Release eligible case(s).
Pressley v. Singletary, 724 So.2d 97, 98 (Fla.1997) (emphasis added). Evans wishes to read the above-emphasized word "and" as "or" and ignore the requirement for relief that the eligible sentence be expired. That is not the wording this Court utilized, and to do so would be contrary to the statute itself and the clear intent of the legislature. Therefore, we conclude that the revised supervision period calculated *508 by the State (until the year 2000) was proper.[1]
While Evans was still in prison serving his longer, ineligible sentence, the Commission did not allow the Conditional Release supervision period to run. It did not, therefore, give Evans credit for this period of time toward his Conditional Release supervision because that time was credited toward completion of the ineligible cocaine sentence. In other words, the Commission tolled the Conditional Release supervision until Evans was actually released. We conclude, however, that there is legitimate authority for the proposition that the supervision period should be tolled until release from prison. In State v. Savage, 589 So.2d 1016 (Fla. 5th DCA 1991), for example, the defendant was sentenced to three years to be followed by one year on probation. While serving the sentence, the defendant was convicted of an additional crime and a new, completely separate sentence was imposed. This Court rejected the contention that the one-year probation began at the end of the three-year sentence while the defendant was still in prison, finding that the probation was tolled until release from prison. This Court stated:
Simple logic would seem to dictate that, where a defendant is incarcerated in another jurisdiction, a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time as a result of a separate and distinct offense.
Id. at 1018. While in Savage the two sentences were from different states, we believe that the same principle should apply here. It would be contrary to common sense to have Evans serve his Conditional Release supervision in prison because he is already under a significant restraint there. In a similar case, the Fifth District Court of Appeal recently held that the two-year term of a releasee's community control supervision was tolled during the period of his incarceration for another offense, and thus he was still under state supervision when he violated the terms of his community control. See Bradley v. State, 721 So.2d 775 (Fla. 5th DCA 1998).
In this case, we conclude that if the legislature determined that there was a need for additional post-prison supervision for these more at-risk releasees, requiring that they serve their Conditional Release supervision in prison would not make any sense. Therefore, tolling the supervision until the inmate has been released from prison would be the most logical choice. This conclusion is still in accord with both Cooper and Pressley because the concern in those cases was that each sentence had to be viewed individually for purposes of eligibility for Conditional Release, the length of supervision, and any resulting gain-time forfeiture. Here, the State has shown that it determined the length of Evans' supervision period only by the gain time earned during the eligible manslaughter sentence and forfeited only the gain time awarded in that case. Allowing Evans to receive credit toward his supervision for the time he was in prison serving a completely different sentence would be contrary to logic and would result in an undue windfall for Evans. Accordingly, we find that Evans is not entitled to relief, and we hereby deny the instant petition. In doing so, we hold that while the State cannot transfer the Conditional Release supervision of an expired sentence to the end of a longer, ineligible sentence and determine the length of that supervision by the ineligible sentence (as we held in Cooper and Pressley), it may use an unexpired Conditional Release-eligible sentence to determine the length of the supervision and then toll the running of that supervision *509 period until the inmate has been released from prison.
Is it so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] We note, of course, that Evans violated his supervision, and it was revoked. Accordingly, when the time comes for his release again, the supervision period will need to be recalculated.