CASANUEVA, Judge.
Kenneth L. Wesley appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure *1232 3.800(a). He contends that upon his imminent release from incarceration, he will be illegally placed on conditional release because the Department of Corrections has improperly calculated his sentence. He claims that putting him on conditional release forces him to serve his sentence in “bits and pieces,” thus altering his original sentence and rendering it illegal and excessive. The circuit court denied his motion, finding that it lacked jurisdiction, because his only avenue of relief lay via a petition for writ of mandamus. The circuit court correctly analyzed its jurisdiction in this matter, Wilson v. State, 783 So.2d 1104 (Fla. 2d DCA 2001), and we thus affirm. We write briefly to explain that even had Mr. Wesley properly filed a petition for mandamus, he is not entitled to the relief he seeks.[1]
Mr. Wesley was incarcerated serving concurrent sentences, one for a crime he committed in 1990, the other for a crime committed in 1999.[2] The 1990 sentence is “conditional release eligible,” as determined by the Florida Parole Commission, but the 1999 sentence is not. In April 2001, Mr. Wesley was notified that he had reached the end of the incarcerative portion of his 1990 sentence, based on accrued gain time, and that upon his actual release from prison in April 2003, upon the total expiration of his 1999 sentence,[3] he will be put on conditional release to serve out the remainder of his 1990 sentence. The length of the conditional release supervision is determined by the gain time he had earned on that 1990 sentence. See § 947.1405, Fla. Stat. (1989).
This scheme, argues Mr. Wesley, requires that although he continued to be incarcerated after April 2001, he did not get day-for-day credit on the unexpired portion of his 1990 sentence; thus, upon his release in April 2003, he will be forced to serve a longer, unauthorized period, albeit under conditional release, to complete the 1990 sentence. Although on the face of it this circumstance seems unfair to him, the supreme court has addressed this exact situation in Evans v. Singletary, 737 So.2d 505 (Fla.1999). The supreme court held in Evans that the State may use an unexpired eligible sentence, like Mr. Wesley’s 1990 sentence, to determine the length of the conditional release supervision and then toll the beginning of the supervisory period until the inmate’s ultimate release from prison, which corresponds to the unconditional release of Mr. Wesley after the expiration of his 1999 sentence in April 2003. Id. at 506. The supreme court found that the legislature instituted the conditional release program based on its belief that some prisoners remained at-risk upon release and would therefore need a special, post-incarceration supervisory period. Requiring that they serve their conditional release while still in prison would not serve this purpose. Therefore, “tolling the supervision until the inmate has been released from prison would be the most logical choice” in construing the statute. Id. at 508. Because the supreme court has specifically allowed *1233 such tolling, putting Mr. Wesley on conditional release for the remainder of his 1990 sentence at the time he is finally released in April 2003 from his 1999 sentence is not a miscalculation of his sentence.
Affirmed.
ALTENBERND, C.J., and COVINGTON, J, Concur.

. Upon the suggestion of the appellee, State of Florida, we asked the Department of Corrections and the Florida Parole Commission to respond to Mr. Wesley’s allegations in this appeal. Although not technically parties to this appeal, they furnished us with excellent briefs for which we thank them.

. Mr. Wesley is also serving two more sentences that are concurrent and coterminous with the 1990 sentence. However, these additional sentences do not affect the analysis here.

.This is his "tentative release date,” the date projected for release from custody by virtue of gain time granted or forfeited pursuant to section 944.275(3)(a), Florida Statutes (1989). See § 947.005(6), Fla. Stat. (1989).