865 So.2d 617 (2004)
James CROSBY, etc., Appellant,
v.
Derrick McNEAL, Appellee.
No. 5D03-920.
District Court of Appeal of Florida, Fifth District.
January 23, 2004.
Judy Bone, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellant.
Derrick McNeal, Daytona Beach, pro se.
PLEUS, J.
James Crosby, secretary of the Department of Corrections, appeals a final order granting McNeal's petition for writ of mandamus which ordered the Department of Corrections to credit McNeal on one offense with 308 days time served on another, unrelated offense. We quash the order on review.
On April 22, 1996, McNeal was sentenced for a 1995 possession of cocaine and a 1996 aggravated assault to 72.75 months *618 for each crime, running concurrently.[1] The concurrent sentences did not expire at the same time, primarily due to different amounts of gain time. In the 1995 possession case, McNeal was eligible to receive up to 25 days of gain time per month under section 944.275(4)(b)2., Florida Statutes (1994). On the 1996 assault, McNeal was eligible to receive only ten days per month of gain time under section 944.275(4)(b)3., Florida Statutes (1995). Accordingly, McNeal conditionally satisfied the sentence in his 1995 case on May 22, 2000, with an award of 719 days gain time. He was not released on that date because he had not yet satisfied the sentence in his 1996 case. McNeal conditionally satisfied the sentence in the 1996 case 308 days later, on March 26, 2001, with an award of 332 days gain time. McNeal was placed on conditional release supervision.
On February 12, 2002, the Florida Parole Commission revoked McNeal's conditional release for possession of cannabis. McNeal returned to prison to serve the amount of gain time forfeited as a result of violating his conditional release. Thus, McNeal began serving 719 days of gain time in the 1995 case and 332 days of gain time in the 1996 case.
In calculating McNeal's new release date, the Department added 308 days on the 1995 case to account for the time he remained incarcerated on the 1996 case after his 1995 sentence had ended through an accumulation of gain time.
McNeal filed a petition for writ of habeas corpus in the lower court arguing that he was entitled to be released because the sentences in both his 1995 and 1996 cases had expired. The lower court denied the petition on June 28, 2002, finding as follows:
The Petitioner had a total combined sentence of 2213 days based on the data provided by the Department of Corrections regarding the controlling sentence in case no. 95-1184. The Department of Corrections imposed an out-time segment of 308 days, from May 22, 2000 to March 26, 2001, for which time Petitioner did not receive credit, thereby extending his maximum sentence date. Upon Petitioner's release from prison on March 26, 2001, he had 719 days of gain-time remaining, which constituted his maximum sentence date and maximum period of Conditional Release supervision. Duncan v. Moore, 754 So.2d 708 (Fla.2000). The Parole Commission therefore properly placed Petitioner on Conditional Release supervision until March 15, 2003.
On January 8, 2003, the First District Court of Appeal issued Bolden v. Florida Department of Corrections, 865 So.2d 1 (Fla. 1st DCA), rev. granted, Crosby v. Bolden, 848 So.2d 1153 (Fla.2003). In that case, Bolden was convicted of four charges arising from the same criminal episode and sentenced to four concurrent ten year terms. On three of the charges, Bolden was eligible for conditional release supervision. For those three charges, the release date for one of the offenses was 337 days before the other two offenses. The Department tolled his conditional release on that charge until he completed the other two sentences. When Bolden violated conditional release, the Department added 337 days to his sentence. The First DCA granted Bolden's petition for writ of certiorari, holding that the Department should not have tolled Bolden's conditional release *619 date on the first offense and was not permitted to add 337 days of tolled time to his new release date because all the charges arose from a single criminal episode.
Relying on Bolden, McNeal filed a petition for writ of mandamus asking that the 308 days of tolled time be subtracted from his new release date on the 1995 case. The lower court granted McNeal's petition for writ of mandamus, stating:
At issue is 308 days that were tolled in Case No. 96-11834 that accrued while the defendant was in prison. The respondents are of the opinion that he was not entitled to the 308 days because he was not serving the sentence on that case at the time. This court finds that the holding in Bolden v. Moore [Florida Department of Corrections], 28 Fla. Law Weekly D187 [865 So.2d 1] (Fla. 1st DCA Jan.9[8], 2003), is controlling. Therefore, it is
FURTHER ORDERED AND ADJUDGED that the Florida Department of Corrections and/or the Florida Parole Commission shall instanter credit the defendant with the disputed 308 days and release him accordingly.
On appeal, Crosby argues that this case is controlled by Evans v. Singletary, 737 So.2d 505 (Fla.1999), not Bolden. We conclude that Evans is on point and requires reversal. In Evans, the defendant was sentenced to 15 years in prison for a 1988 cocaine offense and seven years for a 1992 manslaughter offense, running concurrently. He accumulated gain time on the manslaughter charge and became eligible for conditional release, but that was tolled until he completed the longer sentence. In 1997, the defendant was released to conditional release supervision due to accumulation of gain time. He violated conditional release and returned to prison. He petitioned for a writ of habeas corpus, arguing that his original sentences had expired.
The supreme court disagreed, reasoning as follows:
Here, the State has shown that it determined the length of Evans' supervision period only by the gain time earned during the eligible manslaughter sentence and forfeited only the gain time awarded in that case. Allowing Evans to receive credit toward his supervision for the time he was in prison serving a completely different sentence would be contrary to logic and would result in an undue windfall for Evans. Accordingly, we find that Evans is not entitled to relief, and we hereby deny the instant petition. In doing so, we hold that while the State cannot transfer the Conditional Release supervision of an expired sentence to the end of a longer, ineligible sentence and determine the length of that supervision by the ineligible sentence (as we held in Cooper and Pressley)[[2]], it may use an unexpired Conditional Release-eligible sentence to determine the length of the supervision and then toll the running of that supervision period until the inmate has been released from prison.
Id. at 508-09. The same fact scenario occurred in the instant case. McNeal argues that he should be given credit on his 1995 possession case for time served on his 1996 aggravated assault case. The supreme court rejected this argument in Evans. Furthermore, Bolden is distinguishable because it deals with sentences arising out of the same criminal episode. *620 Thus, it does not apply to the instant case.
Accordingly, we quash the order on review.
ORDER QUASHED.
PALMER and TORPY, JJ., concur.
NOTES
[1] McNeal was also sentenced on other cases that day but these sentences are not relevant to the issues on appeal.
[2] Pressley v. Singletary, 724 So.2d 97 (Fla. 1997); Parole Commission v. Cooper, 701 So.2d 543 (Fla.1997).