CANADY, J.,
specially concurring.
I agree with the conclusion that Canty should not be required to “serve more incarceration time than originally imposed by the sentencing judge.” I do not, however, agree that we need resort to the canon of constitutional avoidance to reach that conclusion. We have come to that pass only because we concluded in Evans v. Singletary, 737 So.2d 505 (Fla.1999), that a period of conditional release supervision for a particular sentence can be tolled while the inmate remains incarcerated on a concurrent sentence.
Evans ’ tolling analysis gives birth to the fiction that Canty was not serving time on his sentence during the period when the conditional release supervision on that sentence was tolled — even though he remained incarcerated during that period. That fiction then provides the basis for the Department to assert that after the revocation of his conditional release, Canty was required to be incarcerated based on the forfeiture of a period of gain-time equivalent to the period of the tolled supervision. That is, Canty was required to forfeit gain-time which was not used to determine his release date and from which he therefore never derived any benefit. It is this line of argument — predicated on the tolling analysis — that leads the Department to advocate that Canty should be incarcerated for a period that would exceed the length of the sentence imposed on him.
I would recede from Evans because the tolling analysis it employs is not consistent *218 with the plain import of the governing statutory provisions and has proven to be unworkable in practice. The important “presumption in favor of stare decisis ” is overcome here because the “prior decision proved unworkable due to reliance on an impractical legal ‘fiction.’ ” N. Fla. Women’s Health & Counseling Services, Inc. v. State, 866 So.2d 612, 637-38 (Fla.2003). We should abandon the unworkable tolling analysis and rely instead on the plain meaning of the relevant statutory provisions.
The Conditional Release Program Act, sections 947.1405-.141, Florida Statutes (1991), contains no provision suggesting that any inmate should ever be required to spend any time incarcerated by the Department of Corrections beyond the length of the sentence imposed. Instead, it is the manifest design of the Act (a) to subject an inmate to conditional release supervision for a period of time equivalent to the amount of time by which the award of gain-time actually shortened the inmate’s term of incarceration; and (b) to subject an inmate whose conditional release is revoked to a period of further incarceration equivalent to the period by which the award of gain-time actually had shortened the term of incarceration. The Act thus embodies a clear quid pro quo: Conditional early release from prison based on the award of gain-time is granted in exchange for supervision on conditional release subject to the revocation for misconduct of the gain-time which made the early release possible. Accordingly, an inmate whose conditional release is revoked should be returned to prison to serve a period of time equivalent to the amount of time by which the award of gain-time shortened the inmate’s stay in prison.
This understanding of the Act’s operation flows from two critical statutory provisions. The first provision, which is found in section 947.1405(6), places a limitation on the length of conditional release supervision; the second provision, which is set forth in section 947.141(4), places a concomitant limitation on the forfeiture of gain-time and the length of incarceration following revocation of conditional release.
Section 947.1405(6) provides that “[t]he length of [conditional release] supervision must not exceed the maximum penalty imposed by the court.” This provision can only be reasonably understood as limiting the period of supervision to the unserved time remaining on the sentence when the inmate is released from prison and placed on conditional release supervision. (Time served + time on conditional release supervision=sentence imposed. Sentence imposed-time served=time on conditional release supervision.) The length of the conditional release supervision period equals the length of the reduction by virtue of the award of gain-time of the period of incarceration imposed by the court.
Section 947.141(4) provides that an inmate whose conditional release is revoked “may be deemed to have forfeited all gain-time ... earned up to the date of his conditional release.” (Emphasis added.) In its primary relevant sense, forfeiture means “[t]he loss of a right, privilege or property because of a crime, breach of obligation, or neglect of duty.” Black’s Law Dictionary 677 (8th ed.2004). Ordinarily, accrued gain-time carries with it a contingent right to the reduction of an inmate’s period of incarceration. That contingent right is defeasible for misconduct by the inmate while incarcerated or while on conditional release. But gain-time that never attained the status of a right or privilege enjoyed by an inmate is not subject to being “forfeited” under section 947.141(4).
Because of the circumstances presented by the differences in gain-time eligibility *219 associated with Canty’s various concurrent sentences, Canty never obtained any meaningful right to the gain-time at issue here, i.e., the gain-time which was credited by the Department but not used by the Department to determine the date of Canty’s release from incarceration. That gain-time was in effect never anything more than an accounting entry in the records of the Department. Any potential right associated with that gain-time was wholly extinguished by the legal requirement that Canty remain incarcerated. Since Canty obtained no benefit from that gain-time, it was not subject to forfeiture. It makes no sense to say that Canty can be required to forfeit something that has already been taken away from him.[2]

. In 1997, section 947.1405(2) was amended by the addition of a provision that conditional release “supervision shall be applicable to all sentences within the overall term of sentences if an inmate's overall term of sentences includes one or more sentences that are eligible for conditional release supervision as provided herein.” This provision is, however, only applicable to offenses committed after its effective date. See Pressley v. Singletary, 724 So.2d 97, 98 (Fla. 1997) (on rehearing). Accordingly, whatever this provision may mean, it has no bearing on Canty’s claim.